**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Criminal No.  08-118 (JR) |
| | : | |
| REX PELOTE, et al., | : | |
| Defendants. | : | |

**GOVERNMENT'S MOTION TO IMPEACH DEFENDANTS**
**WITH THEIR PRIOR CONVICTIONS PURSUANT TO RULE 609**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to admit defendants' prior convictions for impeachment purposes pursuant to Rule 609, if they decide to tesify.   In support of this motion, the government relies on the following points and authorities and such other points and authorities that may be adduced at a hearing on the matter.

1.      In this case, all eight defendants are charged in Count 1 of the Indictment with Conspiracy to Distribute and Possess with the Intent to Distribute over 1 kilogram or more of a mixture or substance containing heroin.  In addition, certain defendants are charged with various other substantive offenses arising from the narcotics conspiracy including: unlawful use of a communication facitlity; distribution of controlled substances; and PWID controlled substances.

2.      The defendants have the following impeachable convictions pursuant to Fed.R.Evid. 609 (these convictions are disclosed in the PSA Bail Reports):

      a.      Rex Pelote

            i.      00-CR-252:    Conspiracy to Distribute and Possess with the intent

1

to distribute heroin

    ii.    93-CR-157:    Unlawful Distribution of a controlled substance

    iii.    1988-FEL-3184:    BRA

    iv.    1987-FEL-6752:    ADW (gun); CDW (gun)

    v.    1986-FEL-5662:    CDW (Felony)

b.    Gerald Anderson

    i.    1987 La.:    Possession of Stolen Property (sentence = 7years incarceration)

    ii.    1992 La:    Burglary

c.    Alonseza Belt

    i.    None

d.    Linda Crawford

    i.    1990-FEL-7330:    Att. Distribution of Cocaine

e.    Cornelius Farley

    i.    1989-FEL-14413:    Carrying a Pistol without a Licence[1]

---

[1] On August 27, 2008, defense counsel for Cornelius Farley informed the Court and the government that she believes that this CPWL conviction was a misdemeanor, and not a felony, because the actual sentence imposed was only one year. The government disagrees. The classification of an offense as a misdemeanor or felony depends on whether the statute defining the offense authorizes a sentence over one year (not the actual sentence imposed). Here, the statute for carrying a pistol without a license, §22-3204, authorized a penalty of up to ten years incarceration. District of Columbia Criminal Law and Procedure (1989 Edition). Accordingly, this prior conviction is a felony, and may be admitted to impeach the defendant, regardless of the age of the conviction, if the court finds that it is in the "interest of justice." Fed.R.Evid. 609.

f.    Edward Farley

    i.    1992-FEL-1182:    Distribution of Cocaine; PWID Cocaine; ADW

    ii.    91-CR-488:    Distribution of Cocaine

g.    Dannie Jones

    i.    2006-CF2-18512:    Att. PWID Heroin

    ii.    2002-FEL-1059:    Att PWID Heroin

    iii.    1987-FEL-229:    Att. Dist. PCP

h.    Charles McRae

    i.    2003-FEL-1136    Att. Distribution Methodone

    ii.    2003-FEL-1137    BRA

    iii.    1995-FEL-4740    Escape

    iv.    1985-FEL-9574    CDW (felony); ADW (gun)

    v.    1985-FEL-8248    Attempt Theft 2; att burglary

3.    Federal Rule of Evidence 609(a)(1) provides for the admission of prior felony convictions of a defendant for impeachment purposes, subject to the time constraints of Rule 609(b), if the Court determines that the probative value of the evidence outweighs its prejudicial effect to the defendant. Here, the defendants' convictions qualify and meet the requirements of Rule 609.

4.    In evaluating whether the probative value of a conviction outweighs its prejudicial effect, the trial court should begin with the premise, articulated by the D.C. Circuit, sitting *en banc*, that all felony convictions which meet the ten-year time limit prescribed in Rule 609(b) are at least

3

somewhat probative of the defendant's credibility. *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (*en banc*). In performing Rule 609(a)(1)'s balancing test of probativeness versus prejudice, the *Lipscomb* court held that the trial court has discretion to decide how much background information about the conviction, if any, it needs in performing its analysis. Id. at 1051, 1073.

5.      As noted by the Court of Appeals, "[c]ourts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980) (citation omitted). In *Lewis*, the defendant was charged with, among other things, distribution of phenmetrazine; after taking the stand, he was impeached with evidence that he had been convicted several years before for distributing drugs in violation of the Controlled Substances Act. *Id.* at 943, 947. The court held that there was no error in admitting evidence of the defendant's prior conviction (which involved the distribution of heroin, *id.* at 944), noting that "[t]he fact that the prior felony conviction was for a narcotics offense, and the defendant was again being tried for a similar offense, does not render the prior conviction inadmissible," and directing that in such circumstances a limiting instruction should be given to the jury. *Id.* at 950.[2]

6.      Inasmuch as every impeachment by prior conviction involves some inherent prejudice

---

[2] To be sure, the court in *Lewis* acknowledged that in a narcotics prosecution a prior narcotics conviction carries more prejudice, and it noted that the evidence of the conviction carried more probative value where the defendant had testified that he was not knowledgeable about drug transactions. *Id.* at 951. Nonetheless, as the Court of Appeals noted en banc, this additional factor was not critical in determining that the probative value of the conviction outweighed its prejudice. While *Lewis* might at first be considered a "special" case because the prior conviction served not only to impeach credibility but also to rebut specific testimony, the Court in *Lipscomb* commented, "our analysis did not treat this [additional] reason as critical" in holding the conviction admissible under the balancing test. *Lipscomb*, 702 F.2d at 1058 n.35.

4

to a defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("[w]hen the defendant is impeached by a prior conviction, the question of prejudice . . . is not <u>if</u>, but how much") (emphasis in original). Should a defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the convictions in assessing that credibility clearly outweighs whatever prejudice there may be to the defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

7.    Pursuant to Rule 609, prior convictions that exceed the ten-year time limitation may still be admissible if "the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY:    _____/s/_____
JOHN K. Han
Assistant United States Attorney

United States Attorney's Office
555 4th Street, N.W., Fourth Floor
Washington, D.C.  20001
(202) 514-6519
John.Han@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Criminal No.   08-118 (JR)** |
| | : | |
| **REX PELOTE, et al.,** | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

Upon consideration of the government's motion to impeach defendants with their prior convictions pursuant to Rule 609, it is:

ORDERED that the government's motion is GRANTED.

_____
The Honorable James Robertson

_____
Date